# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2008

Charles R. Fulbruge III
Clerk

No. 06-51290
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAVIER IVAN VEGA-MURILLO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-753-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Javier Ivan Vega-Murillo (Vega) appeals the sentence imposed following his guilty-plea conviction for illegal reentry into the United States following removal. Vega argues that his 41-month sentence was unreasonable as a matter of law because this court's use of a presumption of reasonableness for sentences imposed within the properly calculated guidelines range effectively reinstates the mandatory guidelines regime struck down in United States v. Booker,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

543 U.S. 220 (2005). This argument has been rejected by the Supreme Court. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

Vega additionally asserts that his sentence was unreasonable on its merits. He contends that the sentence was unreasonable because it was the result of the tripling of his offense level due to his prior conviction even though the nature and circumstances of his offense did not show that he was a dangerous criminal. He maintains that this led to his offense level overstating the seriousness of his offense.

A sentence within a properly calculated guidelines range is entitled to great deference. See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). Little explanation is needed when a court imposes a sentence within the advisory range. Id. at 519. In reviewing such a sentence, we merely ask whether the district court abused its discretion in imposing it. Rita, 127 S. Ct. at 2465. Vega has not shown that the district court abused its discretion in sentencing him within the properly calculated guidelines range. See id. at 2469.

Vega also maintains the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in the light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which held 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir.2007), petition for cert. filed, (Aug. 28, 2007) (No. 07-6202).

AFFIRMED.